**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**LARRY D LEWIS,**

    **Plaintiff,**

v.   Case No: 5:15-cv-275-Oc-28PRL

**MARION COUNTY SHERIFF'S DEPARTMENT, MARION COUNTY JAIL, THOMAS P THOMPSON, III , MARION COUNTY JUDICIAL CENTER, ADRIAN LEWIS and CHRIS BLAIR**

    **Defendants.**

**REPORT AND RECOMMENDATION[1]**

This matter is before the Court on the pro se Plaintiff's renewed motion to proceed *in forma pauperis*. (Doc. 10). The Court denied his previous request to proceed *in forma pauperis* and dismissed his complaint but allowed him to amend (*see* Docs. 6, 8, 11), which he has now done. (Doc. 12). Because Plaintiff has once again failed to state a cognizable cause of action, I submit that the motion should be denied (Doc. 10) and the Second Amended Complaint (Doc. 12) should be dismissed.

    **I.**    **LEGAL STANDARDS**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However,

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id*. "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id*. at 640, n. 2. "When the defense is apparent from the face of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (*citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id*. (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the

Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

## II. DISCUSSION

This action arises out of Plaintiff's arrest in April 2015 for burglary and his subsequent month-long incarceration in the Marion County Jail, following which the charges against him were dropped. Plaintiff alleges that the Marion County Sheriff's Department, the Marion County Jail, Judge Thomas Thompson, III, the Marion County Judicial Center, Sheriff Chris Blair and Detective Adrian Lewis committed various wrongs for which Plaintiff now seeks $175,000,000 in damages and injunctive relief.

Despite being given the opportunity to amend, Plaintiff's Second Amended Complaint suffers from the same deficiencies as the original Complaint. As I previously explained, Plaintiff's claims against Judge Thompson are barred by the doctrine of absolute judicial immunity. *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1985) ("It is firmly settled that judges are absolutely immune from civil liability 'for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly.'"). Likewise, Plaintiff's claims against the Marion County Sheriff's Office, the Marion County Jail, and the Marion County Judicial Center are due to be dismissed because they are not proper parties to this proceeding. *See e.g., Boeji v. Hillsborough County Jail*, No. 8:12-cv-2543-T- 17TBM, Doc. 3, (M.D. Fla. November 14, 2012) (dismissing Hillsborough County Jail and Hillsborough County Sheriff's Department since they are not proper defendants); *Spry v. Turner*, No. 8:11-cv-531-T-33TGW, 2011 WL 940343 (M.D. Fla. March 17, 2011) (dismissing Polk County Sheriff's Department because it is not a proper party); *Donovan v. Parker*, No. 6:10- cv-855-Orl-31DAB,

2010 WL 3259717 (M.D. Fla. Aug. 16, 2010) (dismissing Brevard County Sheriff's Office since it is not a suable entity).

That leaves Plaintiff's claims against the two newly added Defendants – Sheriff Chris Blair and Detective Adrian Lewis.  Presumably, Plaintiff is attempting to assert claims under 42 U.S.C. § 1983,[2] which "provides a cause of action for 'the deprivation of any rights, privileges or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.'"  *Gomez v. Toledo*, 446 US 635, 638 (1980) (quoting 42 U.S.C. §1983).  Assuming Plaintiff is asserting claims under § 1983 (or any other legal theory for that matter), he has failed to clearly allege the basis of his claims against these Defendants.  Other than including these Defendants in the case style, Plaintiff has failed to allege how each Defendant is responsible.  Indeed, the Second Amended Complaint is devoid of allegations as to any actions taken (or not taken) by Sheriff Blair and Detective Lewis.

While the Court gives more deference to *pro se* litigants, this deference "does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998)(internal citations omitted).  Accordingly, the Court may not dress Plaintiff's bare allegations to provide them with a factual basis sufficient to state a claim upon which relief may be granted.  This is especially so where, as here, the Court essentially would be guessing as to the factual scenario underlying Plaintiff's claims.  See *Peterson v. Atlanta Housing*

---

[2] While Plaintiff cites a number of statutes in his Second Amended Complaint, the only one upon which he could possibly rely is 42 USC §1983.  Plaintiff cites to several criminal statutes for which there is no private cause of action -- 18 U.S.C. 1918, 18 U.S.C. Chapter 115, and 18 USC 1623.  Likewise, there is no private cause of action under 5 U.S.C. 7311, which states that individuals who advocate the overthrow of government or who strike against the government may not hold a position with the government; nor under 42 USC §2000bb-4, which relates to the Establishment Clause.

*Authority*, 998 F.2d 904, 912 (11th Cir. 1993) (recognizing that "[t]erms like 'due process' are inherently vague and such claims may rest on a virtually infinite number of factual scenarios.")

### III.    RECOMMENDATION

For these reasons, I recommend that Plaintiff's motion to proceed *in forma pauperis* (Doc. 10) be **DENIED** and his Second Amended Complaint (Doc. 12) **DISMISSED.**

Recommended in Ocala, Florida on December 28, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy